U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 27 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CINDA MCLAUGHLIN | CIVIL ACTION NO: 12-2946 |
| VERSUS | JUDGE DONALD E. WALTER |
| GLAXOSMITHKLINE, LLC | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendant GlaxoSmithKline LLC ("GSK"). [Doc. 75]. The motion asserts that this Court should dismiss Plaintiff's claims because they are barred by the one-year prescriptive period under Louisiana law. Having considered the motion, the response, the reply, the record, and the applicable law, this Court concludes that Plaintiff's claims are prescribed and the motion for summary judgment is therefore **GRANTED**.

## I. BACKGROUND

This case arises from alleged injuries suffered by Plaintiff Cinda McLaughlin, a resident of Louisiana, from the ingestion of Paxil and Paxil CR (collectively "Paxil"), a prescription medication manufactured by GSK.[1] Plaintiff alleges that she began taking Paxil in 2003 for depression and continued using the medication through March of 2007. In 2007, Plaintiff began using the generic form of Paxil until 2010. Plaintiff alleges that her ingestion of Paxil and the various forms of generic paroxetine caused excess serotonin, which in turn damaged her heart valves and necessitated her

---

[1] Doc. 52 (Plaintiff's Second Amended Complaint).

2010 surgery.[2] Specifically, Plaintiff underwent surgery to replace two valves in her heart on June 10, 2010. On October 4, 2010, Plaintiff told her physicians that Paxil caused her heart valve damage, which resulted in her surgery.[3] On October 22, 2010, Plaintiff's attorney met with the Plaintiff's surgeon to discuss various issues, including Plaintiff's specific use of Paxil.

On June 8, 2012, Plaintiff filed this suit in the United States District Court for the Eastern District of Pennsylvania, the location where GSK has its principal place of business.[4] GSK filed a motion to transfer this case pursuant to 28 U.S.C. § 1404(a) from the Eastern District of Pennsylvania to this Court; the motion was granted on November 20, 2012.[5] Plaintiff asserted ten causes of action arising out of her alleged use of Paxil, claiming that her use of Paxil caused her to develop heart valve damage that necessitated replacement of her aortic and mitral valves in June 2010. In short, each cause of action pertains to the allegedly unsafe manner in which Paxil was designed, developed, manufactured, distributed, marketed, promoted, labeled, or represented. On January 6, 2014, this Court granted in part and denied in part GSK's motion to dismiss Plaintiff's Second Amended Complaint, dismissing seven of Plaintiff's ten claims.[6] Plaintiff's remaining claims in this case include the following product liability claims: construction or composition defect (Count II), inadequate warning (Count III), and breach of express warranty (Count IV).

On March 25, 2014, GSK filed the instant motion for summary judgment. The sole issue

---

[2] *Id.* at ¶ 18.

[3] Doc. 75, Exh. 1 and Exh. 2.

[4] Doc. 1.

[5] Doc. 7; Doc. 41.

[6] Doc. 68 (Motion to Dismiss).

2

presented is whether Plaintiff's claims are prescribed. Plaintiff opposes this motion by arguing that Plaintiff did not know of her alleged injuries until July 2011 and that this action should be maintained in the interest of justice.[7]

## II. LAW AND ANALYSIS

### A. Standard of Law

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56; *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir.2010). Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If no issue of fact is presented then the mover is entitled to judgment as a matter of law. *Id.* Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### B. Plaintiff's Claims Are Prescribed

This Court has previously determined that Louisiana law governs this case.[8] Under Louisiana

---

[7] Doc. 82.

[8] Doc. 68. Because this case was transferred to this Court from the Eastern District of Pennsylvania, this Court was required to conduct a choice of law analysis to determine which law applies. This Court concluded that there is a conflict between Louisiana and Pennsylvania law with respect to manufacturer and products liability. This Court further concluded that Louisiana has a greater interest in the application of its law, chiefly because Louisiana is the state of Plaintiff's residence, the location where Plaintiff purchased, ingested, and was prescribed Paxil, and the situs of Plaintiff's alleged injuries. Furthermore, Louisiana is the state where Plaintiff was treated by her physicians.

Civil Code Article 3492, "[d]elictual actions are subject to a liberative prescription of one year." LA. CIV. CODE ANN. ART. 3492. Prescription begins to run from the day the injury or damage is sustained. *Id.* Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. *Daigle v. McCarthy*, 444 F. Supp. 2d 705, 710 (W.D. La. 2006) *aff'd*, 238 F. App'x 1 (5th Cir. 2007). An important consideration is when a plaintiff has actual or constructive knowledge of facts sufficient to indicate to a reasonable person that she has a claim. *Wells v. Zadeck*, 89 So.3d 1145, 1151 (La.2012). The defendant has the burden of proving that a tort claim has prescribed. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000). If the defendant proves that one year has passed between the tortious acts and the filing of the lawsuit, then the burden shifts to the plaintiff to prove an exception to prescription. *Id.* This Court concludes that GSK satisfied its burden by offering uncontradicted evidence that almost two years had passed between any possible tort by GSK and the filing of Plaintiff's suit.

The decisive issue in this motion is whether the one-year prescriptive period had elapsed prior to the institution of this suit on June 8, 2012. In the present matter, there is undisputed evidence that demonstrates that there is no genuine issue of material fact that Plaintiff's claims have prescribed. There are two strongly persuasive reasons Plaintiff's claims have prescribed. The first reason is that the evidence establishes that Plaintiff had actual or constructive knowledge of her claims no later than October 4, 2010. Most notably, on October 4, 2010, Plaintiff told *two separate* physicians that Paxil caused her heart valve damage, which resulted in her surgery. Plaintiff reported having severe anxiety since Paxil was discontinued earlier in the year and she specifically reported

4

to her physician that she "had heart valve damage due to it [Paxil]."[9] The role of Paxil was such a pressing concern to Plaintiff that her physician noted that Plaintiff believed Paxil caused her heart valve damage two separate times on the physician's brief report. Her physician also noted that Plaintiff was "very concerned" about her medications and her desire to control her anxiety. More importantly, Plaintiff informed the second physician she saw that same day that she was pursuing legal action against the makers of Paxil due to her heart valve damage.[10] Quite clearly, Plaintiff's statements, even if construed in such a manner as to be most favorable to her, contained in both of her physicians' reports unquestionably establishes that Plaintiff had actual or constructive knowledge of her claims no later than October 4, 2010.

The second reason strongly supporting summary judgment because the claims have prescribed is the fact that Plaintiff retained legal counsel as early as October 2010. On October 22, 2010, Plaintiff's attorney met with Dr. Robert Keith White, one of Plaintiff's doctors, to specifically discuss "product liability issues" relating to Plaintiff and her damaged heart valves.[11] Louisiana courts have routinely held that the act of consulting or retaining an attorney is sufficient to demonstrate that a plaintiff had proper knowledge of an injury, thereby initiating the prescriptive period.[12] This Court also notes that Plaintiff's retention of an attorney further reinforces her prior

---

[9] Doc. 75-2, Exh. 1 (Physician Report on October 4, 2010).

[10] Doc. 75-3 (Consultation Report on October 4, 2010). Specifically, Plaintiff's physician noted that Plaintiff "[s]tates that her heart valve was damaged by Paxil and is currently in a lawsuit with them."

[11] Doc. 75-4, Exh. 3 (Dr. Robert Keith White Consultation on October 22, 2010).

[12] *Yates v. Sw. Life Ins. Co.*, CIV. A. 97-3204, 1998 WL 61033 (E.D. La. 1998); *In re Med. Review Panel Proceeding of Williams v. Lewis*, 17 So. 3d 26, 30 (La. Ct. App. 2009) (holding that trial court did not err in finding that plaintiff had knowledge sufficient to start the running of prescription on her claim as of the date she consulted with an attorney); *Clofer v. Celotex Corp.*, 528 So. 2d 1074, 1076 (La. Ct. App. 1988) ("Moreover, the act of hiring an attorney has been found to evidence the plaintiff's awareness of an injury.").

affirmations to her physicians that her heart valve damage was due to Paxil and that she planned to obtain legal redress for her alleged injuries. In sum, Plaintiff's retention of her attorney and the attorney's October 22, 2010 meeting with Plaintiff's doctor are undeniably sufficient to begin the one-year prescriptive period and these claims therefore prescribed no later than October 2011; because this action was not initiated until June 8, 2012, Plaintiff's claims have prescribed.

For the reasons discussed, this Court concludes that Plaintiff has not proven an exception to prescription. Plaintiff does not handcuff her opposition to this motion to any specific exception but appears to argue that this Court should apply the doctrine of contra non valentem. Under the doctrine of contra non valentem, the prescription period does not run when the cause of action is not known or reasonably knowable by plaintiff, even though her ignorance was not induced by defendant. *Eldredge*, 207 F.3d at 743. Here, Plaintiff argues in her opposition to this motion that Plaintiff had "no reason to suspect that Paxil was the cause" of her alleged injuries until July 2011.[13] Based on the summary judgment evidence discussed earlier, this contention is patently false, most notably because Plaintiff affirmatively reported to two separate physicians that Paxil caused her heart damage and that she was pursuing legal action based on her belief. In a futile attempt to survive this motion, Plaintiff asserts that the Court must maintain her prescribed claims "in the interest of justice."[14] This Court readily concludes that the maintenance of this action is not warranted by any compelling considerations of justice.

In sum, prescription began to run on Plaintiff's claims no later than October 2010 when she had actual and constructive knowledge of her claims. Yet, Plaintiff waited until June 8, 2012, more

---

[13] Doc. 82 at p. 9; *see also* Doc. 82 at pp. 7-9.

[14] Doc. 82 at p. 14 (Plaintiff's Opposition to this Motion).

than twenty months later, to file her lawsuit. Notwithstanding this reason, Plaintiff's retention of her attorney, especially her attorney's October 22, 2010 meeting with Plaintiff's doctor in which the attorney clearly indicated her intention to file a lawsuit for the alleged injuries, sufficiently triggered the one year prescriptive period. Either way, Plaintiff's claims are time-barred, no exception applies, and GSK is entitled to summary judgment as a matter of law.

### III. CONCLUSION

Because Plaintiff's claims against GSK have prescribed, GSK's motion for summary judgment [Doc. 75] is **GRANTED.**

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 27 day of May, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE